JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIGE MIRANDA MONDESIR, | Case No. 2:25-cv-03785 AH (ADS) |
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [JS-6] |
| BIRKHOLZ, | |
| Respondent. | |

I.  **INTRODUCTION**

Before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Edwige Miranda Mondesir. (Dkt. No. 1.) The gravamen of the Petition asserts Petitioner and his family have been subjected to state-sanctioned harassment and abuse arising out of an eviction enforcement. (Id.) On June 18, 2025, the Court issued an Order Regarding Screening of Petition ("OSP") because Petitioner does not appear to be "in custody" for purposes of federal habeas relief. (Dkt. No. 8.) Petitioner was expressly warned that failure to respond to the OSP may result in

dismissal of the Petition. (Id.) The OSP required Petitioner to respond by July 18, 2025. (Id.) As of the date of this Order, Petitioner has not filed a response or otherwise communicated with the Court.

## II. FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

Petitioner has failed to prosecute the Petition and comply with court orders. Petitioner's failure to respond despite court orders to do so reflects a lack of prosecution of the case. In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination of whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1440.

Upon consideration of the five Carey factors, the Court finds that Petitioner's failure to prosecute his case and failure to comply with the Court's orders warrant dismissal. The first two Carey factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting Petitioner's response to the Court's directive. The third factor—risk of prejudice to Respondent—also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (stating that the "law presumes injury from unreasonable delay"). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal.

Finally, Petitioner has already been cautioned of the consequences of his failure to prosecute. Petitioner has been afforded the opportunity to show why the action should not be dismissed but failed to respond. No sanction lesser than dismissal is feasible here. Thus, dismissal of this action is warranted under Federal Rule of Civil Procedure 41(b).

### III. PETITIONER FAILS TO SHOW HE IS "IN CUSTODY"

The Court's OSP explained federal habeas relief appears to be unavailable to Petitioner under 28 U.S.C. § 2254. (Dkt. No. 8 at 2.) Under 28 U.S.C. § 2254, federal habeas relief is only available to a petitioner who is "in custody pursuant to the judgment of a State court." The petitioner must be "in custody" at the time the petition is filed. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968). The "in custody" requirement is threshold jurisdictional issue. See United States v. Reves, 774 F.3d 562, 565 (9th Cir. 2014).

Here, Petitioner fails to show he is in custody pursuant to a state court judgment. Although the Petition lists Petitioner's place of detention as the Ventura County courthouse, the Petition discusses Petitioner's challenges traveling from Los Angeles to Ventura for court hearings. (Dkt. No. 1 at 2, 5.) Further, based on the Court's review of public records, Petitioner was not "in custody" in the California prison system or the jail closest to the Ventura County courthouse at the time the Petition was filed.[1] Petitioner also fails to identify a state court judgment. (Dkt. No. 1 at 2 (marking an "X" through

---

[1] See California Incarcerated Records and Information Search, https://ciris.mt.cdcr.ca.gov/ (last visited on June 5, 2025); Inmate Search, Ventura County Sherriff's Official Website, https://sheriff.venturacounty.gov/inmateinformation/inmate-search/ (last visited on June 5, 2025).

the space to provide case number and conviction information).)  Moreover, based on the Court's review of public records, the Ventura County Superior Court has not entered any judgment against Petitioner.[2]  Accordingly, Petitioner fails to establish the Court has jurisdiction over the Petition.

## IV.  CONCLUSION

IT IS THEREFORE ORDERED that this action be summarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  SEPTEMBER 5, 2025

_____
THE HONORABLE ANNE HWANG
United States District Judge

Presented by:

    /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

---

[2] See Online Public Access, Superior Court of California, County of Ventura, https://secured.countyofventura.org/courtservices/Information/CaseResults.aspx (last visited September 3, 2025).

4